### July, 1917.

### THE PEOPLE v. CHARLES M. STRAUSS.

(166 N. Y. Supp. 1004.)

LARCENY—GRAND LARCENY—INDICTMENT—MOTION TO DISMISS—"PRINCIPAL."

In view of Penal Law (Consol. Laws, chap. 40), § 2, declaring one a "principal" who directly or indirectly induces or procures another to commit a crime, an indictment charging that defendant, an employee in the license department of the city of New York, had attempted to commit grand larceny in the second degree, based on the testimony of witnesses before the grand jury that he had solicited them to pick the pockets of applicants for licenses, will not be dismissed on motion, on the ground that the facts did not show the commission of any crime.

CHARLES M. STRAUSS was indicted for attempted grand larceny in the second degree. On motion to dismiss the indictment upon the minutes of testimony taken before the grand jury, after an order granted for an inspection thereof. Denied.

*Frank Aranow*, of New York City, for the motion.

*Edward Swann, District Attorney*, of New York City, opposed.

NOTT, J.:

Defendant moves to dismiss the indictment, on the ground that the facts proved before the grand jury did not show the commission of any crime, and that the indictment rests upon

no evidence. There is also an allegation that one of the witnesses before the grand jury is an immoral and disreputable character; but that allegation cannot be considered on this motion, as there was no evidence to that effect before the grand jury, the only question being whether the evidence before the grand jury justified the finding of the indictment.

The only evidence was that given by two witnesses, Boyle and a police officer, Pepello. They both testified that the defendant, an employee of the city in the license department, solicited the witnesses to pick pockets of applicants for licenses. It appeared that the defendant originally requested Boyle to procure a pickpocket for this purpose, saying that the results would be equally divided among the defendant, Boyle, and the pickpocket. Boyle thereupon procured Officer Pepello to impersonate the pickpocket, and introduced him to the defendant, who solicited Pepello to the same effect. Pepello went several times to the license bureau and mingled with the crowd, and on a subsequent occasion gave the defendant $30 as supposed results of his operations. The defendant did no act tending to the commission of the crime, other than soliciting Boyle and Pepello.

Whether mere solicitation to commit a crime amounts to an attempt under our statute (Penal Law, § 2) has never been decided by the appellate courts of this State so far as I have been able to discover, and the authorities elsewhere differ on this question. The prevailing weight of authority seems to be that mere solicitation does not constitute an attempt. (See 3 Am. & Eng. Ency. of Law [2d Ed.] 264; Whart. Crim Law [11th Ed.], § 218, and cases cited pro and contra.) On the other hand, section 2 of the Penal Law provides that a person is a principal who "directly or indirectly, counsels, commands, induces or procures another to commit a crime." And it is not easy to see why a person who has commanded or counseled another to commit a crime, and who has therefore done all that

he can toward making himself a principal in the crime, is not guilty of an attempt.

The law on this point being undetermined in this State, and no appeal lying from an order dismissing an indictment, I have come to the conclusion that the motion should be denied.

Motion denied.